The People of the State of Illinois ex rel. Frederick
Arnd, Appellee, v. Martin O. Heckard, Local
Registrar of Vital Statistics in Chicago et al.,
Appellants.

Gen. No. 33,487.

Opinion filed October 11, 1929.

SAMUEL A. ETTELSON, Corporation Counsel and
FRANCIS J. VURPILLAT, Assistant Corporation Counsel,
for appellants.

EDGAR H. SCHROEDER and LOWELL B. MASON, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

On August 27, 1928, a petition for mandamus was filed by the relator, Frederick Arnd, against the above named defendants and Robert M. Sweitzer, county clerk of Cook county. Sweitzer, as such clerk, answered the petition, but subsequently on plaintiff's motion the action was dismissed as to him. A general demurrer of the three defendants to the petition was overruled. On December 19, 1928, they filed an answer, to which plaintiff filed a general demurrer. Upon a hearing the court sustained that demurrer and ruled that said defendants further answer the petition *instanter*, but they failed or refused to do so. Thereupon the court, on January 5, 1929, entered the judgment order appealed from.

From the draft of the order it appears that the court, after making numerous findings, adjudged that "on or before March 1, 1929," said Heckard, as local registrar of vital statistics of the district of Chicago, and said Kegel, as health commissioner of Chicago, and the City of Chicago, "deposit with the county clerk of Cook county one complete set of the records of births, still-births and deaths registered with said local Registrar of Vital Statistics from January 1, 1928, to and including March 31, 1928"; that "on or before April 1, 1929," they deposit with said county clerk one complete set of such records, registered with said registrar "from April 1, 1928, to and including June 30, 1928"; that "on or before June 1, 1929," they there deposit one complete set of such records, so registered "from July 1, 1928, to and including September 30, 1928"; that "on or before June 1, 1929," they there deposit one complete set of such records, so registered "from

October 1, 1928, to and including December 31, 1928'';
that ''on or before February 10, 1929,'' they deposit
with said clerk a complete set of such records, ''reg-
istered with said Local Registrar during the month
of January, 1929''; and that, ''commencing with
March 10, 1929, and on or before the 10th day of *each
month thereafter,* they deposit with said county clerk
a complete set of records of births, stillbirths and
deaths registered with said local registrar during the
preceding month.''

In the relator's petition various allegations of fact
are made which are in substantial accord with some of
the findings of the court (as hereinafter mentioned)
in said judgment order. Some of the provisions of an
act of the legislature of Illinois, providing for the
''registration of all births, stillbirths and deaths'' in
Illinois, are set forth. (See Cahill's St. 1927, ch. 65a,
page 1382 *et seq.*) And it is further alleged that on
May 4, 1928, the relator made written demand upon
said Sweitzer, county clerk of Cook county, to furnish
him with certified copies of certificates of the deaths
of two brothers (naming them) which occurred in
Chicago respectively on March 7, 1922, and March 10,
1926, tendering said clerk at the time his proper fee;
that the relator was informed by said Sweitzer that he
could not comply with the demand because no records
of births or deaths had been deposited with him, as
county clerk, since the year 1915; that relator believes
and states as a fact that defendant Heckard, local
registrar as aforesaid, has not since the year 1915
deposited any records of births and deaths with said
clerk, although required by section 18 of said act of
the legislature, Cahill's St. ch. 65a, ¶ 34, and has re-
fused so to do upon demands and still refuses; and that
defendant Kegel, health commissioner of Chicago and
Heckard's superior officer, has not directed him to
comply with the clear requirements of said act.

The gist of the somewhat lengthy answer of the defendants is the claimed *impossibility* of their filing or causing to be filed with said county clerk said records of births and deaths in Chicago since 1918. They alleged in substance that the failure to file said records was not occasioned by the fault of any of them; that in the years 1915, 1916, 1917 and 1918, the then health commissioner of Chicago and the then local registrar caused to be made and filed with the then county clerk of Cook county full and complete certified records of the registration of births and deaths in said Chicago district; that during said years, "to make possible this discharge of their respective duties," money was appropriated by the Chicago city council, to pay for services of assistants necessarily required with the understanding that the moneys so appropriated would be repaid by Cook county, but said county and its officers upon demand failed and refused to reimburse the City of Chicago for the moneys thus expended, and have since refused to make any appropriations therefor, "thereby making it impossible for any of these defendants to perform or discharge their duties;" that it is "impossible for any of these defendants to *personally* discharge said duties"; that neither the health commissioner nor the local registrar "has *time* to *personally* perform the onerous task of making and certifying copies of said records"; that even to attempt it in obedience to any mandamus writ "would seriously interfere with the discharge of these defendants' official duties in their respective positions in matters of much greater and graver importance to the public"; and that hence it is "impossible" for these defendants to perform said duties "without appropriation and provision for payment by Cook county for the clerical employees and helpers that the task makes necessary."

Defendants further alleged that during said years, 1915 to 1918 inclusive, the then health commissioner

and local registrar prepared and certified all birth and death certificates, but that upon tender for filing the same "were by said Cook county and its officers refused," upon the ground, "as stated by said Cook county officials," that the same "were not needed and would not be paid for by the county;" that upon the failure and refusal of said officials to accept the certificates so tendered, said city council by resolution directed the Chicago department of health to discontinue the making of the certificates; that from the year 1919, and to the present time, said city council "has not made any appropriation or provision whatever for the making of the certificates"; and that because of this defendants since said year "have failed to make and certify such certificates."

Defendants further alleged that the "officers and official bodies of Cook county, charged with the duty of appropriating the money to pay for these certificates" to be prepared and filed with the county clerk, "are necessary parties" to this action for a mandamus, and that the "city council" of Chicago is also a necessary party, etc.

As a "second and separate defense" to the petition defendants alleged, "by way of a plea *puis darrein continuance,*" that since the filing of the petition two of the defendants, Heckard and Kegel, in their respective official capacities, have prepared, certified and filed with said county clerk copies of the death certificates of petitioner's two brothers, and that these certificates are the only ones that petitioner seeks for himself or in which he is personally interested.

In the judgment order the court found *inter alia* that the material averments of the petition were true; that the relator, Arnd, at the time of the filing of the petition was, and still is, a resident and taxpayer of Cook county; that the City of Chicago constitutes a vital statistics' registration district of the State of Illinois; that the registration of births, stillbirths and

deaths in that district is conducted under an ordinance of the City of Chicago; that defendant, Heckard, at the time of the filing of the petition and for more than 10 years prior thereto, was and has been the local registrar of vital statistics under said act of the legislature of Illinois; that under an ordinance of the city there was and is an executive department of its government, known as the department of health, which has a health commissioner and a number of assistant commissioners, of which assistants defendant Heckard is and for more than 10 years has been one; that under the ordinance the health commissioner is the head of the department; that it is his duty to enforce all laws of the State and all ordinances of the city in relation to public health; that the ordinance provides that he shall have and exercise a general supervision over the sanitary conditions of the city, that all orders and directions emanating from his department shall be issued in his name, and that it shall be his duty to provide necessary books for the keeping of records for the proper registration of births and deaths; that at the time of the filing of the petition the defendant Kegel was, still is, and for several months prior thereto has been, the health commissioner of the City of Chicago, which embraces said registration district, and he is the superior officer of defendant Heckard; that, under said act of the legislature, certificates of all births, stillbirths and deaths, occurring in said registration district, are required to be filed with the local registrar of the district (Heckard) and he is required to number consecutively said certificates in three separate series, and also make a complete and accurate copy or copies of each certificate registered by him on blank certificates, or in a record book of approved form prescribed by the State department of health; that the local registrar is also required to deposit with the county clerk of Cook county, on the 10th day of each month, one

complete set of the records of said births, etc., regis-
tered with him during the preceding month, and said
county clerk is charged with the binding, indexing or
recording and safe-keeping of said records; and that
said act of the legislature also provides that each local
registrar is charged with the strict and thorough en-
forcement of said act in his district. The court further
found that for several years last past neither said local
registrar of vital statistics in Chicago (Heckard), nor
said health commissioner of the city (now Kegel),
nor the City of Chicago, has deposited with the county
clerk of Cook county any certificates of births, still-
births or deaths, registered with said local registrar
for said district, although often requested, but that all
have refused so to do, and will continue in such refusal
unless compelled by mandamus.

In section 3 of said act (Cahill's St. 1927, ch. 65a,
p. 1382, it is provided that "the State shall be divided
into vital statistics registration districts" and that
"each city, village and incorporated town . . . shall
constitute a registration district." In section 4 it is
provided that "in cities, villages and incorporated
towns in which registration of births, stillbirths or
deaths is conducted under local ordinance, the officer
of the city, etc., who is local registrar under such ordi-
nance shall be the local registrar under this Act." In
section 18 (Cahill's St. 1927, ch. 65a, ¶ 34, p. 1385) it
is provided that "it shall be the duty of the local reg-
istrars to supply blank forms of certificates to such
persons as require them"; that "the local registrar
shall number consecutively the certificates of births,
stillbirths and deaths (presented to, accepted and reg-
istered by him) in three separate series, beginning
with No. 1 for the first birth or death in each calendar
year"; that "he shall also make a complete and accu-
rate copy or copies of each birth and death certificate,
registered by him, on blank certificates . . . or in a

record book of approved form''; and that ''local registrars *shall deposit* with the *county clerks* of their respective counties on the 10th day of each month, *one complete set* of the records, births and deaths registered with them during the preceding month, and the county clerks are charged with the binding and indexing, or recording, and safe keeping of such records.''

In section 19, Cahill's St. 1927, ch. 65a, ¶ 35 provision is made for payment to each registrar, upon registration by him of any presented birth or death certificate of a fee of 25 cents, or a lesser sum when the annual number of certificates registered exceeds 5,000, *''provided,* that . . . accurate copies of all of such certificates have been made and turned over by him to the county clerk of his county, . . . ;'' and *provided,* further, that ''in registration districts coextensive with cities . . . in which registration of births or deaths is conducted under local ordinances, and the local registrars receive fixed salaries in lieu of fees, all fees received under this Act shall be paid into the treasuries of such cities, . . .'' In section 20, Cahill's St. 1927, ch. 65a, ¶ 36, it is provided that ''the State Board of Health, any local registrar *or any county clerk* shall, on request, furnish a certified copy of the record of any birth or death to any applicant entitled to the same, upon the payment by such applicant of a fee of 50 cents,'' etc. In section 22 of the act, Cahill's St. 1927, ch. 65a, ¶ 38 it is provided that *''each local registrar is hereby charged with the strict and thorough enforcement of the provisions of this Act in his district* under the supervision and direction of the State Board of Health.''

The main ground for a reversal of the judgment order appealed from, as urged by defendants' counsel, is that, because of the facts as alleged in defendants' answer, that is, lack of funds and lack of time, it is *impossible* for them to comply with the order. We do

not think there is any merit in the contention. It was and is the duty of defendants to obey and carry out the plain provisions of the act of the legislature, and, while it may be difficult and inconvenient for them under the disclosed conditions (for which they are in part responsible) to now comply with the court's order, such compliance is not impossible. Clearly, it can be complied with if sufficient clerical assistance be employed. And Heckard, the local registrar, was and is charged with the duty of seeing to it that the provisions of the act relative to the filing of copies of certificates of births and deaths in the district with the county clerk be complied with. When, as alleged, the ''officials'' of Cook county promised to pay for the necessary clerical expense of making copies of the certificates to be filed with the county clerk, and afterwards failed to keep the promise, we think that proper steps should have been taken by defendants to see to it that the act's provisions here involved were complied with. It was not for certain unnamed ''officials'' of Cook county to say that the ''certificates were not needed and would not be paid for.'' We think that the statement as contained in 38 Corpus Juris, p. 937, sec. 727, in the article entitled ''Mandamus,'' is in point, viz:

''Inability to perform, if respondent himself is not at fault and his own conduct has not caused the inability, is a sufficient excuse, and this principle applies where the impossibility of performance results from the fact that the acts commanded are beyond the lawful power and authority of respondent. But respondent should not be allowed to escape his duty or obligation because of a failure to do that precedent act which would have insured the ultimate performance of the whole duty, at the time provided by law; and if the excuse set up is impossibility to perform, which, however, is merely a condition which respondent has brought about by his own previous disobedience of the

command of the legislature, it will not avail as he cannot thus take advantage of his own wrong.''

It is also contended that the petition is so defective as not to sustain the judgment because of the failure to make the members of the city council of Chicago, and the county of Cook, and certain of its officials, parties defendant. In our opinion this contention also is without merit. While some or all of the parties mentioned might properly have been made parties, we do not think that any of those mentioned were necessary parties, or that, because of the omission to make them parties, the judgment order should be reversed.

In defendants' printed brief no argument is made in support of the ''second and separate defense'' as contained in their answer. It is, therefore, unnecessary to consider it further than to say that the present mandamus writ was sought in the name of the People, and that the relator, Arnd, is not the only person interested in having the provisions of said act of the legislature complied with.

The judgment order of January 5, 1929, should be and it is affirmed.

*Affirmed.*

BARNES, P. J., and SCANLAN, J., concur.